RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 6-6-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| AMERICAN MEDICAL RESPONSE OF MASSACHUSETTS, INC.<br><br>Plaintiff<br><br>v.<br><br>INTERNATIONAL ASSOCIATION OF EMERGENCY EMT's & PARAMEDICS, LOCAL 1,<br><br>Defendant. | CIVIL ACTION NO.<br><br>04 - 11736 PBS<br><br>MAGISTRATE JUDGE Collings |

## COMPLAINT

1. This is an action brought pursuant to the Federal Arbitration Act, 9 U.S.C. §10, to set aside and vacate an arbitration award ("Award") which grants reinstatement and full back pay to a discharged employee, despite the arbitrator's finding that the employee committed sexual harassment, and may even have committed criminal assault and battery, on his co-worker in full view of the company's Vice President of Labor Relations. This action seeks to vacate the Award on the grounds that (1) the Award was made in manifest disregard of federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq ("Title VII"); (2) enforcement of the Award would violate public policy; and (3) the arbitrator exceeded his authority, as defined by the Collective Bargaining Agreement ("CBA") between the parties, in issuing the Award.

2. This Court has jurisdiction over this action under 9 U.S.C. § 10(c) and 28 U.S.C. § 1331, as amended.

3. Venue is proper in this Court in that the Award was issued in this judicial district.

4. The plaintiff, American Medical Response Of Massachusetts, Inc. ("AMR" or the "Employer"), is a corporation incorporated under the laws of the Commonwealth of Massachusetts with power to sue in its own name. AMR is duly authorized to transact business in the Commonwealth of Massachusetts and is doing business in the Commonwealth of Massachusetts, having an office and principal place of business in the City of Natick, Massachusetts.

5. The defendant, International Association of EMT's & Paramedics, Local 1 (the "Union"), is an unincorporated labor organization and represents employees in an industry affecting commerce. The Union is the authorized bargaining representative for certain specified employees, including paramedics employed by AMR in various locations in Massachusetts and New England.

6. The CBA between AMR and the Union was effective from July 6, 2000 to July 5, 2003 and governed the wages, hours and other terms and conditions of employment of certain of AMR's paramedics represented by the Union, including the grievant in the underlying arbitration, AMR paramedic Matthew Levy ("Levy"). The CBA was in effect at all times material to this action. A true and correct copy of the CBA is attached hereto as Exhibit "A," and incorporated herein by this reference.

7. Article 15 of the CBA governs matters of discipline and discharge with respect to employees of AMR covered by the Agreement. Article 15, subsection 15.1 provides, "The

Employer shall neither discipline nor discharge any employee without just cause." The Agreement contains a progressive discipline clause, which states in part, "The employer shall follow progressive disciplinary procedures before discharging an employee. The Employer and the Union understand and agree that each individual case must be judged on its own merits. <u>Serious or repeated offenses may call for discipline that is commensurate with the offense or total situation and not necessarily based upon the premise of progression.</u>" (Emphasis added).

8.  Article 19 of the CBA provides in part, "The Union and the Employer agree that sexual harassment is a form of misconduct which undermines the integrity of the employment relationship and cannot be tolerated in the workplace. <u>Any conduct</u>, whether committed by employees or Supervisory personnel, <u>which falls within the definition of sexual harassment as defined in the Equal Employment Opportunity Commission standards is prohibited</u> and will be investigated fully... Any employee found to have engaged in sexual harassment will be subject to discipline up to and including immediate termination." (Emphasis added).

9.  On May 20, 2003, at an AMR sponsored event where many employees and clients of AMR and Union representatives were present, Levy struck a fellow employee, Alice Ann Estremera, on the buttocks. At the time, Levy and Ms. Estremera were in view of various AMR employees, including AMR's Vice President of Labor Relations, Dave Banelli. Ms. Estremera advised Levy that his actions were inappropriate and had been witnessed by Mr. Banelli; Levy responded, "Fuck him. Since when are you in bed with management? When did you become a douche?", causing Ms. Estremera to cry. Levy again slapped Ms. Estremera on the buttocks. Subsequently, Levy licked his hand, and, in plain view of AMR employees, gestured as if to strike Ms. Estremera on the buttocks yet again.

3

10. Thereafter, AMR conducted an investigation, which included taking written statements from Ms. Estremera and other witnesses and interviewing Levy. Based on this investigation, AMR concluded that Levy was guilty of sexual harassment. In light of the seriousness of the offense, as well as Levy's prior history of harassment of a co-worker and a warning that further harassment would result in his termination, AMR discharged Levy from its employ, effective May 30, 2003.

11. The Union filed a grievance and subsequently commenced an arbitration under the CBA, with regard to Levy's discharge.

12. The arbitration provision is set forth in Article 16, subsection 16.1 of the CBA and provides, in pertinent part, "The arbitrator shall have no power to add to, subtract from, or otherwise modify any provision of this Agreement."

13. On March 4, 2004, a hearing was conducted before arbitrator Michael W. Stultz, at which both parties appeared and were represented by counsel with the right of cross-examination. At the hearing, AMR presented testimonial and documentary evidence demonstrating that Levy had sexually harassed Ms. Estermera on May 20, 2003.

14. On May 13, 2004, the arbitrator issued his Award. A true and correct copy of the Award is attached hereto as Exhibit "B."

15. In his Award, the arbitrator held, among other things, that (1) sexual harassment is unwelcome, offensive sexual conduct, and (2) Levy's conduct on May 20, 2003, was both unwelcome and offensive and constituted sexual harassment, (p. 10), and "might even rise to the level of a criminal assault and battery," (p. 12). Yet the arbitrator characterized Levy's sexual harassment as only "minimally so," and ordered Levy reinstated with full back pay and the

termination reduced to a written warning.

## COUNT I - VACATION OF AWARD

16.    The allegations of paragraph 1-15 are incorporated by reference here.

17.    The arbitrator's Award was made in manifest disregard of Title VII, which prohibits sexual harassment and requires employers to take immediate corrective action to remedy any acts of sexual harassment.

17.    Enforcing the Award of reinstatement and back pay in favor of Levy and the Union, where Levy was found to have committed sexual harassment, would violate the public policy of the United States and the Commonwealth of Massachusetts, prohibiting sexual harassment in the workplace, as that policy is set forth in Title VII and M.G.L. c. 151B §4(16A).

18.    Further, by premising Levy's reinstatement on a finding that Levy's conduct was "minimally sexual harassment," the arbitrator disregarded the parties' definition of sexual harassment in Article 19 of the CBA and thus modified Article 19, in violation of Article 16.3 which prohibits an arbitrator from adding to, subtracting from or otherwise modifying any provision of the CBA, exceeding his limited authority under the CBA.

WHEREFORE, the Plaintiff prays the Court:

1.    To vacate the Award issued by the arbitrator on the ground that the Award was made in manifest disregard of federal law;

2.    To vacate the Award issued by the arbitrator on the ground that enforcement of the Award would be in violation of public policy;

3.    To vacate the Award issued by the arbitrator as being in excess of the arbitrator's authority; and

4. For such other further and equitable relief as the Court deems just and necessary.

Respectfully submitted,

AMERICAN MEDICAL RESPONSE

By its attorneys,

*[signature: Victoria Cohen]*

Paul J. Murphy, BBO#363490
Victoria C. Cohen, BBO#643686
Menard, Murphy & Walsh LLP
60 State Street – 34th Floor
Boston, MA 02109
(617) 832-2500

Dated: August 6, 2004

G:\B\BELLENGHI\PLEADINGS\Petition Vacate (MMW).doc

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
American Medical Response of Massachusetts, Inc.

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
International Association of Emergency EMT's & Paramedics Local 1

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul J. Murphy, Victoria C. Cohen
Menard, Murphy & Walsh LLP, 60 State St.,
Boston, MA 02109 (617) 832-2500

Attorneys (If Known)
04-11736 PBS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | Liability / Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product / ☐ 370 Other Fraud | | | |
| of Veteran's Benefits | Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Property Damage | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | ☐ 360 Other Personal Injury / Product Liability | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 220 Foreclosure | ☐ 442 Employment Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Habeas Corpus: | ☒ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Action to vacate an arbitrator's award pursuant to 9 U.S.C. §10.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 8/6/04
SIGNATURE OF ATTORNEY OF RECORD: Victoria Cohen

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) American Medical Response of Massachusetts v. International Association of Emergency EMT's & Paramedics Local 1

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _xx_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   **04-11736 PBS**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)    YES ☐    NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?    YES ☐    NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).    YES ☐    NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).    YES ☐    NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?    YES ☐    NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION:    YES ☐    NO ☐    OR WESTERN SECTION;    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Victoria C. Cohen, Esquire
ADDRESS  Menard, Murphy & Walsh, LLP, 60 State Street, Boston, MA 02109
TELEPHONE NO.  (617) 832-2500

(Categfrm.rev - 3/97)