UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 OCT -6  A 9: 24
U.S. DISTRICT COURT
DISTRICT OF MASS.

AMERICAN MEDICAL RESPONSE )
OF MASSACHUSETTS, INC. )
)
   Plaintiff )
)
v. ) CIVIL ACTION NO.: 04-11736 PBS
)
)
INTERNATIONAL ASSOCIATION OF )
EMTs and PARAMEDICS )
   Defendant. )

## ANSWER

NOW COMES Defendant International Association of EMTs and PARAMEDICS, Local 1 (hereafter "IAEP" or "UNION") and hereby answers the plaintiff's complaint as follows:

1. Defendant IAEP answers that these allegations reflect the procedural record of the arbitration and that the allegations are a statement of the action filed and are the plaintiff's allegations only and do not require a response.

2. Defendant IAEP responds that this allegation calls for a legal conclusion and does not require an answer.

3. Defendant IAEP responds that this allegation calls for a legal conclusion and does not require an answer.

4. Defendant IAEP is without sufficient knowledge to admit or deny the allegations contained in paragraph four.

5. Defendant IAEP admits the allegations contained in paragraph five.

1

6. Defendant IAEP admits that Exhibit A is a true and accurate copy of the parties' collective bargaining agreement and that the collective bargaining agreement speaks for itself.

7. Defendant IAEP states that Exhibit A is a true and accurate copy of the parties' collective bargaining agreement and that the collective bargaining agreement speaks for itself.

8. Defendant IAEP states that Exhibit A is a true and accurate copy of the parties' collective bargaining agreement and that the collective bargaining agreement speaks for itself.

9. Defendant IAEP responds that is an attempt by the plaintiff to re-litigate the underlying arbitration, is not relevant to this proceeding and, therefore, denies the allegations contained in paragraph nine.

10. Defendant IAEP admits Levy was terminated from employment with AMR effective May 30, 2003. Defendant further responds that is an attempt by the plaintiff to re-litigate the underlying arbitration, is not relevant to this proceeding and, therefore, denies the remaining allegations

11. Defendant IAEP admits the allegations contained in paragraph eleven.

12. Defendant IAEP states that Exhibit A is a true and accurate copy of the parties' collective bargaining agreement and that the collective bargaining agreement speaks for itself.

13. Defendant IAEP admits that an arbitration was held on March 4, 2004 before arbitrator Stutz and denies the remaining allegations.

14. Defendant IAEP admits the allegations contained in paragraph fourteen.

15. Defendant IAEP admits that Exhibit B is a true and accurate copy of the arbitrator's award and that the arbitration award speaks for itself.

16. See paragraphs 1-15 above.

17. Defendant IAEP denies the allegations contained in paragraph seventeen the first.

17. Defendant IAEP denies the allegations contained in paragraph seventeen the second.

18. Defendant IAEP denies the allegations contained in paragraph eighteen.

## AFFIRMATIVE DEFENSES

1. The Award of the arbitrator is:

    a. Not in excess of the authority granted to the arbitrator in the parties collective bargaining agreement;

    b. Supported by substantial evidence;

    c. Not made in manifest disregard of federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII");

    d. Not in violation of public policy;

    e. Warranted by the facts found;

2. The cause of action alleged in plaintiff's complaint was not brought within the time specified in the applicable statutes of limitation, and plaintiff is therefore barred from recovery.

3. The plaintiff has failed to join a party necessary for a just adjudication of this matter.

4. The plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, the Defendant prays the Court:

1. To dismiss the plaintiff's complaint;

2. To confirm the arbitration award as issued by the arbitrator; and,

3. For such other further and equitable relief as the Court deems just and necessary.

Respectfully submitted,
International Association of
EMTs and Paramedics
By its Attorney

_____
Richard L. Barry, Jr.,
(BBO#031810)
Timothy G. Bailey
(BBO#560308)
International Association of EMTs and Paramedics
159 Burgin Parkway
Quincy, MA 02169
(617) 376-0220

Dated: October 5, 2004

### CERTIFICATE OF SERVICE

I, Timothy G. Bailey, Esq., counsel for the International Association of EMTs and Paramedics, 159 Burgin Parkway, Quincy, MA 02169, do hereby certify that on this 5th of October 2004, I served a copy of the defendant's Answer on Paul J. Murphy, Esq. and Victoria Cohen, Esq., Menard, Murphy & Walsh, LLP, 60 State St., 34th Floor, Boston, MA, CA 02109, attorneys for American Medical Response of Massachusetts by mailing a copy thereof by first class mail, postage prepaid.

Signed under the pains and penalty of perjury this 5th day of October 2004.

_____
Timothy G. Bailey

4