

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 AUG -6  P 3: 35
U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| AMERICAN MEDICAL RESPONSE OF MASSACHUSETTS, INC.<br><br>Plaintiff<br><br>v.<br><br>INTERNATIONAL ASSOCIATION OF EMERGENCY EMT's & PARAMEDICS, LOCAL 1,<br><br>Defendant. | CIVIL ACTION NO.<br><br>04-11736 PBS |

## COMPLAINT

1.     This is an action brought pursuant to the Federal Arbitration Act, 9 U.S.C. §10, to set aside and vacate an arbitration award ("Award") which grants reinstatement and full back pay to a discharged employee, despite the arbitrator's finding that the employee committed sexual harassment, and may even have committed criminal assault and battery, on his co-worker in full view of the company's Vice President of Labor Relations. This action seeks to vacate the Award on the grounds that (1) the Award was made in manifest disregard of federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq ("Title VII"); (2) enforcement of the Award would violate public policy; and (3) the arbitrator exceeded his authority, as defined by the Collective Bargaining Agreement ("CBA") between the parties, in issuing the Award.

2.  This Court has jurisdiction over this action under 9 U.S.C. § 10(c) and 28 U.S.C. § 1331, as amended.

3.  Venue is proper in this Court in that the Award was issued in this judicial district.

4.  The plaintiff, American Medical Response Of Massachusetts, Inc. ("AMR" or the "Employer"), is a corporation incorporated under the laws of the Commonwealth of Massachusetts with power to sue in its own name. AMR is duly authorized to transact business in the Commonwealth of Massachusetts and is doing business in the Commonwealth of Massachusetts, having an office and principal place of business in the City of Natick, Massachusetts.

5.  The defendant, International Association of EMT's & Paramedics, Local 1 (the "Union"), is an unincorporated labor organization and represents employees in an industry affecting commerce. The Union is the authorized bargaining representative for certain specified employees, including paramedics employed by AMR in various locations in Massachusetts and New England.

6.  The CBA between AMR and the Union was effective from July 6, 2000 to July 5, 2003 and governed the wages, hours and other terms and conditions of employment of certain of AMR's paramedics represented by the Union, including the grievant in the underlying arbitration, AMR paramedic Matthew Levy ("Levy"). The CBA was in effect at all times material to this action. A true and correct copy of the CBA is attached hereto as Exhibit "A," and incorporated herein by this reference.

7.  Article 15 of the CBA governs matters of discipline and discharge with respect to employees of AMR covered by the Agreement. Article 15, subsection 15.1 provides, "The

Employer shall neither discipline nor discharge any employee without just cause." The Agreement contains a progressive discipline clause, which states in part, "The employer shall follow progressive disciplinary procedures before discharging an employee. The Employer and the Union understand and agree that each individual case must be judged on its own merits. <u>Serious or repeated offenses may call for discipline that is commensurate with the offense or total situation and not necessarily based upon the premise of progression.</u>" (Emphasis added).

8. Article 19 of the CBA provides in part, "The Union and the Employer agree that sexual harassment is a form of misconduct which undermines the integrity of the employment relationship and cannot be tolerated in the workplace. <u>Any conduct,</u> whether committed by employees or Supervisory personnel, <u>which falls within the definition of sexual harassment as defined in the Equal Employment Opportunity Commission standards is prohibited</u> and will be investigated fully... Any employee found to have engaged in sexual harassment will be subject to discipline up to and including immediate termination." (Emphasis added).

9. On May 20, 2003, at an AMR sponsored event where many employees and clients of AMR and Union representatives were present, Levy struck a fellow employee, Alice Ann Estremera, on the buttocks. At the time, Levy and Ms. Estremera were in view of various AMR employees, including AMR's Vice President of Labor Relations, Dave Banelli. Ms. Estremera advised Levy that his actions were inappropriate and had been witnessed by Mr. Banelli; Levy responded, "Fuck him. Since when are you in bed with management? When did you become a douche?", causing Ms. Estremera to cry. Levy again slapped Ms. Estremera on the buttocks. Subsequently, Levy licked his hand, and, in plain view of AMR employees, gestured as if to strike Ms. Estremera on the buttocks yet again.

10. Thereafter, AMR conducted an investigation, which included taking written statements from Ms. Estremera and other witnesses and interviewing Levy. Based on this investigation, AMR concluded that Levy was guilty of sexual harassment. In light of the seriousness of the offense, as well as Levy's prior history of harassment of a co-worker and a warning that further harassment would result in his termination, AMR discharged Levy from its employ, effective May 30, 2003.

11. The Union filed a grievance and subsequently commenced an arbitration under the CBA, with regard to Levy's discharge.

12. The arbitration provision is set forth in Article 16, subsection 16.1 of the CBA and provides, in pertinent part, "The arbitrator shall have no power to add to, subtract from, or otherwise modify any provision of this Agreement."

13. On March 4, 2004, a hearing was conducted before arbitrator Michael W. Stultz, at which both parties appeared and were represented by counsel with the right of cross-examination. At the hearing, AMR presented testimonial and documentary evidence demonstrating that Levy had sexually harassed Ms. Estermera on May 20, 2003.

14. On May 13, 2004, the arbitrator issued his Award. A true and correct copy of the Award is attached hereto as Exhibit "B."

15. In his Award, the arbitrator held, among other things, that (1) sexual harassment is unwelcome, offensive sexual conduct, and (2) Levy's conduct on May 20, 2003, was both unwelcome and offensive and constituted sexual harassment, (p. 10), and "might even rise to the level of a criminal assault and battery," (p. 12). Yet the arbitrator characterized Levy's sexual harassment as only "minimally so," and ordered Levy reinstated with full back pay and the

termination reduced to a written warning.

## COUNT I - VACATION OF AWARD

16.     The allegations of paragraph 1-15 are incorporated by reference here.

17.     The arbitrator's Award was made in manifest disregard of Title VII, which prohibits sexual harassment and requires employers to take immediate corrective action to remedy any acts of sexual harassment.

17.     Enforcing the Award of reinstatement and back pay in favor of Levy and the Union, where Levy was found to have committed sexual harassment, would violate the public policy of the United States and the Commonwealth of Massachusetts, prohibiting sexual harassment in the workplace, as that policy is set forth in Title VII and M.G.L. c. 151B §4(16A).

18.     Further, by premising Levy's reinstatement on a finding that Levy's conduct was "minimally sexual harassment," the arbitrator disregarded the parties' definition of sexual harassment in Article 19 of the CBA and thus modified Article 19, in violation of Article 16.3 which prohibits an arbitrator from adding to, subtracting from or otherwise modifying any provision of the CBA, exceeding his limited authority under the CBA.

WHEREFORE, the Plaintiff prays the Court:

1.      To vacate the Award issued by the arbitrator on the ground that the Award was made in manifest disregard of federal law;

2.      To vacate the Award issued by the arbitrator on the ground that enforcement of the Award would be in violation of public policy;

3.      To vacate the Award issued by the arbitrator as being in excess of the arbitrator's authority; and

4.  For such other further and equitable relief as the Court deems just and necessary.

> Respectfully submitted,
>
> AMERICAN MEDICAL RESPONSE
>
> By its attorneys,
>
> *[signature]*
>
> Paul J. Murphy, BBO#363490
> Victoria C. Cohen, BBO#643686
> Menard, Murphy & Walsh LLP
> 60 State Street – 34th Floor
> Boston, MA 02109
> (617) 832-2500

Dated: August 6, 2004

G:\B\BELLENGHI\PLEADINGS\Petition Vacate (MMW).doc